UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

**DAVID W. MOSS**                                                                                     **PLAINTIFF**

**v.**                                     **CIVIL ACTION NO. 4:09CV-P33-M**

**MARK CURRY** *et al.*                                                        **DEFENDANTS**

**MEMORANDUM OPINION**

This matter is before the Court for *sua sponte* screening of the complaint (DN 1) pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons that follow, the complaint will be dismissed.

**I. SUMMARY OF CLAIMS**

Plaintiff is a convicted prisoner currently incarcerated at the Green River Correctional Complex. The allegations in the complaint, however, pertain to his incarceration at the Muhlenberg County Detention Center. To this end, he brings suit under 42 U.S.C. § 1983, against Muhlenberg County Jailer Mark Curry and Assistant Kay Todd in their individual and official capacities and seeks monetary and punitive damages.

Plaintiff raises four claims. First, he alleges that on December 7, 2007, at the detention center he was charged $4.99 plus tax for a book of ten stamps, instead of $4.10 as charged by the U.S. Post Office. He claims that this constitutes price gouging in violation of the Fifth and Fourteenth Amendments.

Second, Plaintiff claims that on December 14, 2007, he asked Defendant Curry for an address for the Owensboro United States District Court Clerk but was denied this information in violation of the Fifth and Fourteenth Amendments.

Third, Plaintiff alleges that on April 25, 2007, he asked Defendant Curry for "case laws to help me, with my case" and that "[o]n the way back from recreation, I talked to Mr. Curry, in the hallway at the jail, I was told by Mr. Curry, there wold be no problem doing so, but was denied, by policy from the jail." Plaintiff claims that this denial violated the Fifth and Fourteenth Amendments.

Finally, Plaintiff challenges various conditions of confinement at Muhlenberg Detention Center occurring from April 6, 2007, through December 12, 2007. He alleges that inmates are required to share unsanitized hair and toe nail clippers despite cases of staph infection, hepatitis, HIV and AIDS at the institution. He also alleges that inmates are forced to sleep on the floor when the jail is overcrowded. Plaintiff claims that these conditions violate the Eighth Amendment.

## II. STANDARD OF REVIEW

When a prisoner initiates a civil action seeking redress from a governmental entity, officer or employee, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2); *McGore*, 114 F.3d at 604.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327.

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, -- U.S. -- , 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555, 557).

### III.  ANALYSIS

As to Plaintiff's first claim, his challenge to the overcharging of stamps, a prisoner does not have "a constitutionally protected interest in buying stamps as cheaply as possible, as 'there is simply no legal basis for a demand that inmates be offered items for purchase at or near cost.'" *McCall v. Keefe Supply Co.*, 71 F. App'x 779, 780 (10th Cir. 2003) (quoting *French v. Butterworth*, 614 F.2d 23, 25 (1st Cir. 1980)); *cf. Tokar v. Armontrout*, 97 F.3d 1078, 1083 (8th Cir. 1996) ("[W]e know of no constitutional right of access to a prison gift or snack shop.").

Plaintiff, therefore, fails to state a claim upon which relief may be granted, and the overcharging claim will be dismissed.

Plaintiff's second and third claims will be addressed together. Plaintiff claims that he was denied his request for the address of the district court clerk's office and that he was not given "case laws to help me, with my case." Plaintiff, however, has no all-encompassing constitutional right to information. To the extent that he is asserting a claim of denied access to courts, *see Bounds v. Smith*, 430 U.S. 817, 821 (1977), an inmate who claims his access to the courts was denied *merely* because he was denied access to the prison library or to certain books, for example, fails to state a claim. *Walker v. Mintzes*, 771 F.2d 920, 932 (6th Cir. 1985). Rather, the inmate "must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a [non-frivolous] legal claim." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). In other words, a plaintiff must demonstrate an actual injury. *Id.* He must show "such actual injury as the late filing of a court document or the dismissal of an otherwise meritorious claim." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996); *Lewis*, 518 U.S. at 356 (advising that no actual injury occurs without a showing that such a claim "has been lost or rejected, or that the presentation of such a claim is currently being prevented"). Here, Plaintiff wholly fails to claim any actual injury due to Defendant Curry's failure to provide him with the requested information. The claim of denied access to courts, therefore, will be dismissed.

With respect to Plaintiff's final claim of various unpleasant conditions of confinement, "the Constitution does not mandate comfortable prisons." *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981). "[P]rison officials must ensure that inmates receive adequate food, clothing, shelter,

and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)). "To the extent that [] conditions [of confinement] are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." *Rhodes*, 452 U.S. at 347.

Overcrowding in a prison is not itself a violation of the constitution, *id.* at 347-48, and "[t]he Sixth Circuit has held that requiring prisoners to sleep on the floor without likewise depriving them of essential food, basic sanitation, or safe temperatures does not rise to the level of an Eighth Amendment violation." *Eddings v. Herrington*, 4:05CV-P138-M, 2005 WL 3134045, at *5 (W.D. Ky. Nov. 23, 2005) (citing *Brodak v. Nichols*, No 97-1688, 1998 WL 553032, at *1 (6th Cir. Aug. 17, 1998)); *Jones v. Toombs*, No. 95-1395, 1996 WL 67750, at *1 (6th Cir. Feb. 15, 1996) (holding that as a matter of law defendants did not violate inmate's Eighth Amendment rights by depriving him of a mattress for a two-week period). Plaintiff further fails to allege that he has contracted any illness or disease based on the alleged unsanitary practices of the jail and, because he is now incarcerated at the Green River Correctional Complex, there is no longer any risk of contraction or other injury. Plaintiff's allegations do not suggest "serious deprivation of basic human needs" or "the wanton and unnecessary infliction of pain" that constitutes cruel and unusual punishment. *Rhodes*, 452 U.S. at 347. Plaintiff's conditions-of-confinement claims must, therefore, be dismissed for failure to state a claim upon which relief may be granted.

Finally, all claims are barred by the applicable statute of limitations. The statute of limitations for § 1983 actions is governed by the limitations period for personal injury cases in the state in which the cause of action arose. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). In

Kentucky, § 1983 actions are limited by the one-year statute of limitations found in Ky. Rev. Stat. Ann. § 413.140(1). *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990). Although state law establishes the statute of limitations for § 1983 actions, federal law controls on the issue of when the statute of limitations begins to run. *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984). Federal law establishes that the § 1983 statute of limitations accrues when the plaintiff knew or should have known of the injury that forms the basis of the claim alleged in the complaint. *Ruff v. Runyon*, 258 F.3d 498, 500 (6th Cir. 2001). The Supreme Court has recently held that when the face of the complaint shows that an action is time barred, the case may be dismissed summarily upon screening. *Jones v. Bock*, 549 U.S. 199, 215 (2007).

Plaintiff claims that the alleged violations listed in his complaint occurred at various times from April 2007 through December 14, 2007. Thus, the claims accrued at the latest on December 14, 2007, and expired one year later on December 14, 2008. Because Plaintiff did not file the complaint until April 29, 2009,[1] the complaint is time-barred and must be dismissed.

For the reasons set forth more fully above, the complaint must be dismissed.[2]

---

[1] Under the "prison mailbox rule," "a pro se prisoner's complaint is deemed filed when it is handed over to prison officials for mailing to the court." *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008). Plaintiff certifies that he mailed the complaint to the Court on April 29, 2009.

[2] Plaintiff previously filed a § 1983 action against Defendants Curry and Todd raising virtually identical claims. *See* Civil Action No. 4:08CV-P23-M. On initial review of the complaint pursuant to 28 U.S.C. § 1915A, and by Memorandum Opinion and Order entered August 18, 2009, the Court dismissed each claim for failure to state a claim upon which relief may be granted. The Court allowed claims against another Defendant to continue beyond initial review, and a final order in that case has yet to be entered. Thus, *res judicata* is not a proper basis on which to dismiss the instant action.

The Court will enter a separate Order consistent with this Memorandum Opinion.

Date:

cc: Plaintiff, *pro se*
      Defendants
      Muhlenberg County Attorney
4414.005